JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HARRIETT FURMAN

### DEFENDANTS
NCO FINANCIAL SYSTEMS, INC., NCO GROUP, INC.

(b) County of Residence of First Listed Plaintiff: **JEFFERSON**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **UNKNOWN**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
W. Whitney Seals, Esq., Pate & Cochrun, LLP, PO Box 10448, Birmingham, AL 35202-0448 (205) 323-3900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC SECTION 1692

Brief description of cause:
FAIR DEBT COLLECTION PRACTICES ACT VIOLATION AND STATE LAW CLAIMS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE                    DOCKET NUMBER

DATE: 03/10/2009
SIGNATURE OF ATTORNEY OF RECORD: W. Seals

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARRIETT FURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO: |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., NCO GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**REQUEST FOR SERVICE BY CERTIFIED MAIL**

Plaintiff hereby requests service of the Summons and Complaint on the defendant in the above-referenced case by certified mail at the following address:

**NCO FINANCIAL SYSTEMS, INC.
C/O THE CORPORATION COMPANY
2000 INTERSTATE DRIVE, SUITE 204
MONTGOMERY, AL 36109**

**NCO GROUP, INC.
C/O THE CORPORATION COMPANY
2000 INTERSTATE DRIVE, SUITE 204
MONTGOMERY, AL 36109**

W. Whitney Seals
Attorney for Plaintiff

**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)
filings@plc-law.com

To be served with Complaint

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | ALABAMA |

HARRIETT FURMAN

**SUMMONS IN A CIVIL ACTION**

V.

NCO FINANCIAL SYSTEMS, INC., NCO GROUP, INC.

CASE NUMBER: CV-

TO: (Name and address of Defendant)

NCO FINANCIAL SYSTEMS, INC.
C/O THE CORPORATION COMPANY
2000 INTERSTATE PARK DRIVE, SUITE 204
MONTGOMERY, AL 36109

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

W. WHITNEY SEALS, PATE & COCHRUN, LLP, P.O. BOX 10448,
BIRMINGHAM, AL 35202-0448, (205) 323-3900

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE  3/27/2009

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on _____
            Date

_____
*Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __ALABAMA__

HARRIETT FURMAN

V.

NCO FINANCIAL SYSTEMS, INC., NCO GROUP, INC.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   CV-

TO: (Name and address of Defendant)

NCO GROUP, INC.
C/O THE CORPORATION COMPANY
2000 INTERSTATE PARK DRIVE, SUITE 204
MONTGOMERY, AL  36109

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

W. WHITNEY SEALS, PATE & COCHRUN, LLP, P.O. BOX 10448,
BIRMINGHAM, AL  35202-0448, (205) 323-3900

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE   3/27/2009

(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
               Date                                   *Signature of Server*

                                      _____
                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARRIETT FURMAN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: |
| ) | JURY TRIAL DEMANDED |
| ) | |
| NCO FINANCIAL SYSTEMS, ) | |
| INC.; NCO GROUP, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S VERIFIED COMPLAINT

This is an action brought by the Plaintiff, Harriett Furman, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Harriett Furman, is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. Defendant, NCO Financial Systems, Inc. ("NFS") is a Pennsvania corporation with a principle place of business at 507 Prudential Road Horsham, PA 19044. This Defendant was, in all respects and at all times

relevant herein, doing business in the State of Alabama and in this District. NFS is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6). NFS regularly attempts to collect debts from Alabama consumers using the mail and telephone.

3. Defendant, NCO Group, INC., ("NCO") is a Delaware corporation with a principal place of business located at 507 Prudential Road Horsham, PA 19044. NCO is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6). Upon information and belief, NFS is a subsidiary wholly owned by NCO.

## FACTUAL ALLEGATIONS

5. Plaintiff incurred an alleged debt to Lowe's. At some point thereafter, the debt was charged off and/or sold to either NCO or NFS.

6. The alleged and disputed debt of Plaintiff claimed by NCO and/or NFS was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

7. On or about February 12, 2009, Plaintiff filed for Chapter 13 7/7 Bankruptcy protection.

8. The alleged Lowes debt was included in the petition.

### *Collection phone calls at work*

9. On or about January 30, 2009, Plaintiff received a collection phone call at her place of employment from agents and/or employees of NCO and/or NFS.

10. Plaintiff does not work near a phone and another employee had to relay the message to her that she had a business call.

12. An agent/employee of NCO and/or NFS tried to arrange for payments over the phone while Plaintiff was at work.

13. After Plaintiff stated she could not immediately pay the bill, the agent/employee of NCO and/or NFS asked her to borrow money from parents or friends in order to pay the alleged debt.

14. During this collection call, Plaintiff told the agent/employee of NCO and/or NFS that her employer is sensitive to these types of calls being taken at work and demanded that NCO and/or NFS not call her at work again.

15. Plaintiff works in an open area where 3rd parties can and did hear the conversation.

14. Coworkers of the Plaintiff noticed that she was upset during the collection call.

14. On or about February 2, 2009, an agent/employee of NCO and/or NFS identified as "Allan" left a message with a 3rd party at Plaintiff's place of employment stating that he was with an attorney's office and that she needed to contact him.

15. On or about February 9, 2009, an agent/employee of NCO and/or NFS identified as "Rollins" left a message with a 3rd party at Plaintiff's place of employment stating that Plaintiff needed to contact her.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

18. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendants used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e, §1692e(3), §1692e(10), §1692e(11).

20. The Defendants violated §1692f by using unfair and/or unconscionable

means to attempt to collect a debt.

21. The Defendants communicated with third parties in violation of §1692b(1), §1692b(2) and §1692b(3).

23. The Defendants used prohibited communications in violation of §1692 c(a)(1), §1692c(a)(3), and §1692c(B).

24. The Defendants engaged in conduct that the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of §1692d and §1692d(2).

22. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The Defendants knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

25. The Defendants knew or should have known that said conduct was improper.

26. The Defendants negligently failed to train and supervise collectors in order to prevent said improper conduct.

27. The Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

28. As a result of the Defendants' negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE

## RECKLESS AND WANTON TRAINING AND SUPERVISION

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

31. The Defendants knew or should have known that the said conduct was improper and illegal.

32. The Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

33. The Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

34. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF PRIVACY

40. The Plaintiff adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

41. Congress explicitly recognized a consumer's inherent right to privacy in collection matters when it passed the FDCPA. Congress, in passing the FDCPA stated as part of its findings:

> Abusive Debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

42. The Defendants undertook and/or directed communications to the Plaintiff and to other persons not responsible for this alleged debt

constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

43. Said invasions were intentional, willful and malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees or agents of the Defendants and acted on behalf of the Defendants in invading Plaintiff's privacy.

44. Said communications constitute the wrongful intrusion into his solitude and seclusion.

45. As a proximate consequence of said invasion of the right of privacy, the Defendants have caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness and mental anguish.

### *Respondeat Superior Liability*

46. The acts and omissions of the agents/employees of Defendants who communicated with Plaintiff and others complained of were committed within the scope of their employment or agency relationship with their employer or principal.

47. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform by Defendants in the collection of consumer debts such as the consumer debt allegedly owed by Plaintiff.

48. By committing these acts and omissions against the Plaintiff, the agents/employees were motivated to benefit their principals, the Defendants.

49. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the

FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants as follows:

- A. Declaratory judgment that the Defendants' conduct violated the FDCPA;

- B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

- C. Actual damages for the Defendant's violations of the FDCPA;

- D. Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C.§1692k;

- E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; and,

- F. Such other and further relief that this Court deems necessary, just and proper.

John C. Hubbard
Attorney for Plaintiff


OF COUNSEL
Jaffe & Erdberg, P.C.
205 North 20th Street
Suite 817
Birmingham, AL 35203
(205) 323-4500

_____
W. Whitney Seals
Attorney for Plaintiff

OF COUNSEL:
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA )
COUNTY OF JEFFERSON )

Plaintiff Harriett Furman, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Harriett Furman*
Harriett Furman

Sworn to and subscribed before me, this the 27th day of February, 2009.

*Bridget Yal*
NOTARY PUBLIC
My commission expires: 5/25/2011